Patricio MARTINEZ-SEGURA,
Petitioner,

v.

Jefferson B. SESSIONS III, Attorney
General, Respondent.

No. 15-72963

United States Court of Appeals,
Ninth Circuit.

Submitted February 14, 2017 *

Filed February 22, 2017

Murray David Hilts, Law Offices of
Murray D. Hilts, San Diego, CA, for Petitioner

Mona Maria Yousif, Trial Attorney,
OIL, DOJ—U.S. Department of Justice,
Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE,
Office of the Chief Counsel, Department of
Homeland Security, San Francisco, CA,
for Respondent

Before: GOODWIN, FARRIS, and
FERNANDEZ, Circuit Judges.

MEMORANDUM **

Patricio Martinez-Segura, a native and
citizen of Mexico, petitions for review of
the Board of Immigration Appeals' order
dismissing his appeal from an immigration
judge's decision denying his application for
cancellation of removal. Our jurisdiction is
governed by 8 U.S.C. § 1252. We review
for substantial evidence the agency's continuous physical presence determination.

*Gutierrez v. Mukasey*, 521 F.3d 1114, 1116
(9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Martinez-Segura
failed to establish the requisite ten years
of continuous physical presence in the
United States for cancellation of removal,
where record evidence indicates that Martinez-Segura requested voluntary departure in lieu of removal proceedings. *See* 8
U.S.C. § 1229b(b)(1)(A); *Gutierrez*, 521
F.3d at 1117-18 (requiring some evidence
that the alien was informed of and accepted the terms of the voluntary departure
agreement); *cf. Ibarra-Flores v. Gonzales*,
439 F.3d 614, 619-20 (9th Cir. 2006) (insufficient evidence that alien knowingly and
voluntarily accepted voluntary departure
where record did not contain the voluntary
departure form and petitioner's testimony
suggested that he accepted return due to
misrepresentations by immigration officers).

We lack jurisdiction to consider Martinez-Segura's unexhausted contention regarding the lack of initials on his Form I-826. *See Tijani v. Holder*, 628 F.3d 1071,
1080 (9th Cir. 2010).

Martinez-Segura's remaining contentions regarding the applicability of *Vasquez-Lopez v. Ashcroft*, 343 F.3d 961 (9th
Cir. 2003) and *Castrejon-Garcia v. INS*, 60
F.3d 1359 (9th Cir. 1995), and the separation of powers, are unpersuasive.

**PETITION FOR REVIEW DENIED
in part, DISMISSED in part.**

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.